IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,                   ) | Criminal Action |
| ) | |
| v.                           ) | No. 07-10142-13-JTM |
| ) | |
| DARRYN FRIERSON,             ) | |
| a/k/a/ "DeDa,"               ) | |
| ) | |
| Defendant.                   ) | |
| ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Presently before the Court is defendant Darryn Frierson's Motion for Review of Order of Detention (Dkt. No. 244). This court conducted a hearing on the matter and took it under advisement. After carefully considering Frierson's motion and the evidence presented during the hearing, this court denies the motion without prejudice.

**Procedural Background**

Frierson is one of several defendants charged in a multi-count superceding indictment in which the government alleges numerous RICO violations (Dkt. No. 52). Frierson was arrested at the end of September 2007, and has continually been in detention since that date. In November 2007, this case was declared complex due to the intricacies involved. (Dkt. No. 150). Frierson's current motion asks this court to review the decision of a magistrate judge in this district in which he was ordered to remain in custody.

In support of Frierson's motion for review of the detention order, counsel submitted a brief, as well as numerous letters of support from Frierson's family and friends in the community. Additionally, this court conducted a hearing on the matter and heard from witnesses. The court appreciates the time and effort that Frierson's mother and father took in addressing the court.

## Legal Standard

Pursuant to 18 U.S.C. § 3145(b), a person who has been ordered detained by a magistrate judge may file a motion for revocation or amendment of that order. The district court employs a de novo review of the magistrate judge's order in such cases, meaning that it decides both the facts and the propriety of detention anew. *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002).

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, provides the necessary legal framework for considering Frierson's motion. Absent a presumption to the contrary, the court must allow for the pretrial release of a defendant unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community." 18 U.S.C. § 3142(b),(c), and (e). The burden is on the government to prove the risk of flight by a preponderance of the evidence, and must further prove the dangerousness to any other person or the community be clear and convincing evidence. *United States v. Burks*, 141 F. Supp. 2d 1283, 1286 (D. Kan. 2001). When making the determination, the court is to consider the following four factors: (1) the nature and circumstances of the offense, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence; (3) the history and characteristics of the person; and

(4) the nature and seriousness of the danger to any person or the community posed by a release on conditions.  18 U.S.C. § 3142(g).

Nonetheless, 18 U.S.C. § 3142(e) recognizes a rebuttable presumption of risk of flight or danger to the community upon a finding "that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act (21 U.S.C. § § 801 *et seq*.) . . . .  In this case, the government correctly asserted that the presumption applies, due to the underlying charges Frierson faces.  Thus, Frierson's initial burden of production is to "offer some credible evidence contrary to the statutory presumption." *United States v. Walters*, 89 F. Supp. 2d 1217, 1220 (D. Kan. 2000).

**Analysis**

Among other problems, Frierson has a prior criminal history, as well as a prior federal conviction.  Additionally, the nature and circumstances of the offenses are severe.  Perhaps most importantly, Frierson's alleged ties to gang activity poses a risk to not only himself, but to those around him.  Frierson does, however, have the support of his family, including his mother, who is willing to act as his warden if he were to be released, in that she would welcome him into her home and report any violations of his conditions to release. Frierson also has the support of his father, who testified that he could arrange employment for his son with Cessna.

Nothwithstanding this assurance, the court is denying Frierson's request without prejudice at this time.  If Frierson can present a letter from Cessna certifying that it will hire him commencing on date certain, the court will take consider the matter of release further.

3

However, to clarify, the court is not saying that it will grant Frierson release on bond if Cessna will hire him; rather, the court will revisit the matter if employment is procured.

For all the reasons set forth above, Frierson's Motion for Review of Order of Detention (Dkt. No. 244) is denied, and defendant shall remain in custody.

IT IS SO ORDERED this 17th day of January, 2008.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE